ORIGINAL

FILED

06/21/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0293

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0293

FILED

JUN 2 1 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

JESSE T. PRYOR,

Petitioner,

v.

ORDER

JAMES SALMONSEN, Warden,
Montana State Prison,

Respondent.

Jesse T. Pryor has filed a Petition for Writ of Habeas Corpus, indicating that the Board of Pardons and Parole (Board) should have granted him a parole and that the Board violated his Due Process rights in denying him a parole. He includes several attachments.

Pryor explains that he "had no sanctions for any violations in 2021," and that the Montana Incentives and Interventions Guide (MIIG) should have been applied to him, pursuant to § 46-23-1028, MCA. He provides that on July 18, 2021, he was arrested on a July 8 warrant for not reporting. He states that he was charged with a new misdemeanor that was later dismissed and that the Report of Violation lists new felony charges from Lewis and Clark County. He further states that he was never charged with those felonies. He points to his classification report from prison which lists no detainers, warrants, or notifications. He further explains that he was in a severe car accident and was life-flighted to a hospital in Great Falls. He puts forth that he lost his residence while he was in the hospital and that he tried to make contact with his parole officer. Pryor concludes that his violations were all compliance violations, thereby triggering the application of MIIG. Pryor requests his immediate release from prison.

Pryor includes a copy of a July 1, 2021 Report of Violation, prepared by his parole officer. The Report of Violation provides that Pryor was granted a parole in February 2020 and he began supervision with Billings Probation and Parole. The first listed violation is the non-compliance violation where Pryor did not comply with laws and conduct. The

Report references the severe car accident on May 14, 2021, and that after a search of the wrecked vehicle, twenty-six grams of methamphetamine were found along with syringes and oxycodone pills. The Report also lists a second count where his parole officer contacted the hospital in Great Falls on May 17, 2021, and spoke to Pryor, telling him to report to Billings Probation and Parole immediately upon his release. The parole officer further provides that she called the hospital on June 8, 2021, and learned that Pryor had discharged on May 19, 2021. The parole officer concluded in this Report that Pryor was an absconder who "has deliberately made his[] whereabouts unknown . . ." and that any attempt to make contact was unsuccessful.

The MIIG does not apply when a parolee has new criminal offenses or absconds. Sections 46-23-1001(3)(a) or (d), and 46-23-1024(4)(c)(4), MCA.

Pryor is not entitled to his immediate release from prison. The Board has broad statutory authority to consider even dismissed criminal counts. *McDermott v. McDonald*, 2001 MT 89, ¶ 21, 305 Mont. 166, 24 P.3d 200. The Board "may consider evidence of offenses which were charged in dismissed counts." *McDermott*, ¶ 20. Even though Pryor's misdemeanor was dismissed and his felony charges in Lewis and Clark County were not adjudicated, the Board may consider those charges in reaching the decision to revoke parole.

This Court has pointed to the United States Supreme Court when considering due process and parole hearings. "[T]he United States Supreme Court has held that due process is satisfied when the prisoner seeking parole is, at a minimum, provided with an opportunity to be heard and a written statement explaining why he was denied parole." *McDermott*, ¶ 11. Pryor includes a copy of an April 5, 2022 disposition from the Board. The Board, in regular session, revoked Pryor's parole and awarded no dead time. The reasons for the parole denial were: "Laws and conduct (charged in Billings Municipal Court, inmate possibly pending new felony charges), reporting and residence." We conclude that his due process rights have not been violated. Pryor appears before the Board in April 2023.

Pryor has not demonstrated illegal incarceration. He is not entitled to habeas corpus relief. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that Pryor's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Jesse T. Pryor personally.

DATED this ___21___ day of June, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

3